Law Offices of Gregory Messer
Proposed Attorneys for Hae Sun Corp.
*Debtor-in-Possession*
26 Court Street, Suite 2400
Brooklyn, NY 11242
(718) 858-1474
Joel Alan Gaffney

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:                                                          Chapter 11

HAE SUNG CORP.,                                    Case No: 17-42591

                                    Debtor.
-----------------------------------------------------------X

**APPLICATION FOR AUTHORITY
TO EMPLOY WOODSTONE CAPITAL INC AS REAL ESTATE BROKER
TO THE DEBTOR TO SELL THE DEBTOR'S REAL PROPERTY**

TO:    The Honorable Elizabeth S. Stong
         United States Bankruptcy Judge

The application (the "Application") of Hae Sung Corp. (the "Debtor"), by its proposed

counsel, Law Office of Gregory Messer, PLLC, hereby seeks the entry of an Order authorizing

the Debtor to retain Woodstone Capital, Inc. (the "Broker"), as the real estate broker to the

Debtor and the estate to sell the Debtor's real property known as, and located at, 1424-1426

Nostrand Avenue, Brooklyn, NY 11226, (the "Real Property") under section 327 of title 11 of

the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of

Bankruptcy Procedure, respectfully sets forth the following:

**FACTUAL BACKGROUND**

1.    On May 23, 2017 (the "Filing Date"), the Debtor filed a voluntary petition for

relief pursuant to Chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for

the Eastern District of New York (the "Court"). The Debtor has continued in the management of

its business and operation of its affairs and properties as a debtor and debtor-in-possession

pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been

appointed, and upon information and belief, no official committee of unsecured creditors has

been formed.

2.      Mickey Salzman ("Salzman"), an independent real estate investor who often

works alongside the Broker, consulted with the Debtor prior to the commencement of this case,

and he was able to locate a buyer who is interested in acquiring the Real Property at a substantial

premium over its market value, but that buyer was unwilling to close because of the cloud on

title created by an action that was commenced in the Kings County Supreme Court under Index

Number 3444/2016 against the Debtor by 1424 Nostrand, LLC (the "Specific Performance

Action"), which has been inactive since the Debtor's verified answer was filed on May 16, 2016.

3.      Salzman referred the Debtor to its proposed counsel, and the Debtor, with the

advice of its proposed counsel, decided that rejection of the contract that forms the basis of the

Specific Performance Action as part of a Chapter 11 reorganization was the most efficient and

effective path to resolve all the Debtor's obligations. Salzman's optimism about the prospects of

this sale is evidenced by the fact that he paid the Debtor's initial retainer even after he was

informed that such a payment would not be refundable and could not be recovered from the

bankruptcy estate in any manner, including, but not limited to, from the Debtor itself or its

principal.

4.      Subsequent to the payment of the retainer and the Filing Date, the Debtor engaged

in arms-length negotiations with the Broker regarding the terms of a listing agreement, whereby

the Broker would list the Real Property for $2,700,000.00, and advise all prospective buyers that

any contract of sale entered into by the Debtor would be subject to higher and better offers, and

on notice and a hearing.

5.    The Broker has agreed to accept a commission of 3.75% on the sale of the Real

Property, subject to only a slight increase if the purchaser also employs a broker, and that such a

purchaser's agent shall not be employed by the Broker. Accordingly, the Debtor believes that the

commission to the Broker is fair and reasonable and in the best interest of the estate. The Broker

further recognizes and agrees that any commission to be paid will only be done after a proper

application, on notice to all creditors.

6.    The Broker has actively marketed the Real Property and the Debtor anticipates

negotiating the terms and condition of a contract of sale very soon.

7.    To the best of the Debtor's knowledge, information and belief, the Broker has no

connection with the Debtor's creditors or with any other party in interest herein, its attorneys or

any other professionals. Upon the annexed affidavit (the "Ferszt Affidavit") of Natan Ferszt

annexed hereto, the Broker represents that it has no adverse interest to the estate and will provide

valuable services for the Debtor in connection with the sale of the Real Property. In addition,

upon the annexed affidavit (the "Salzman Affidavit") of Mickey Salzman annexed hereto,

Salzman acknowledges that he will be receiving no compensation from the Debtor's estate in any

way, including but not limited to, through any fee-sharing arrangement with the Broker. The

Debtor believes that the retention of the Broker as its real estate broker is in the best interest of

the Debtor's estate.

## RELIEF REQUESTED

8.    Section 327(a) of the Bankruptcy Code provides: "the trustee, with the court's

approval, may employ . . . professional persons, that do not hold or represent an interest adverse

to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out

the trustee's duties under this title."

9.      Section 101(14) of the Bankruptcy Code defines "disinterested person" as "a

person that—

        a.  is not a creditor, an equity security holder, or an insider;

        b.  is not and was not, within 2 years before the date of the filing of the petition, a

            director, officer, or employee of the debtor; and

        c.  does not have an interest materially adverse to the interest of the estate or of any

            class of creditors or equity security holders, by reason of any direct or indirect

            relationship to, connection with, or interest in, the debtor, or for any other reason.

10.      The Broker does not hold any interest adverse to the estate because the estate and

the Broker's interests are aligned in favor of obtaining the highest and best sale price for the Real

Property.

11.      The Broker is a disinterested person because it never entered into a listing

agreement with the Debtor prepetition, and the person who performed services for the Debtor

prepetition has expressly waived any claim for any work performed prepetition, including his

gratuitous payment of the retainer for Debtor's counsel.

12.      Retention of the Broker is in the best interest of the estate and all creditors

because the Broker has located a prospective purchaser who is willing and able to purchase the

property for substantially more than what the Debtor believes the market value of the Real

Property would have been if it marketed the sale on its own, or with a standard auctioneer.

13.      In view of the foregoing, the Debtor requests the entry of an Order authorizing the

Broker's retention upon the terms set forth herein.

WHEREFORE, the Debtor respectfully seeks the entry of an order authorizing the

retention of the Broker as the real estate brokers on the terms and conditions set forth herein in

regards to the sale of the Real Property, and for such other and further relief as this Court may

deem just and proper.

Dated: June 5, 2017
      Brooklyn, New York

                    LAW OFFICE OF GREGORY MESSER, LLP
                    Attorneys for the Debtor


      By:      *s/ Joel Alan Gaffney*
                    Joel Alan Gaffney, Esq.
              26 Court Street, Suite 2400
              Brooklyn, New York 11242
              (718) 858-1474