UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:                                                    Case No: 1:17-42591-ess

HAE SUNG CORP,                                            Chapter 11

                                                         Hon. Elizabeth S. Stong
                                    Debtor.               United States Bankruptcy Judge

-------------------------------------------------------------x

## AMENDED[1] STIPULATION AND CONSENT ORDER
## GRANTING RELIEF FROM THE AUTOMATIC STAY

Hae Sung Corp. (the "Debtor") in the above-referenced Chapter 11 case, hereby

enters into this stipulation and consent order (the "Stipulation"), as set forth below,

conditionally granting SDF91 Nostrand Avenue LLC (the "Secured Creditor" and together

with the Debtor, the "Parties") relief from the automatic stay with respect to the Debtor's

real property commonly known as 1424 Nostrand Avenue a/k/a 274/276/278/280 Martense

Street, Brooklyn, NY 11226 (Block: 5091, Lot: 44) and 1426 Nostrand Avenue, Brooklyn,

NY 11226 (Block: 5091, Lot: 144) (the "Property"), subject to the approval of the United

States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court").

In connection with this Stipulation, the parties respectfully state as follows:

WHEREAS, on or about June 27, 2007, the Debtor, executed an Amended and

Restated Promissory (the "Note") in favor of Washington Mutual Bank ("WAMU"),

evidencing a loan (the "Loan") from WAMU to the Debtor in the principal sum of

$1,520,000.00; and

WHEREAS, to secure repayment of the indebtedness evidenced by the Note, on or

about June 27, 2007, the Debtor made, executed and delivered a Mortgage Consolidation,

---

[1] Amended solely to correct the typographical error to reflect the correct State Court Foreclosure Action
Index No. to be 500580/2014.

Modification and Extension Agreement (the "<u>Mortgage</u>" and together with the Note, the "<u>Loan Documents</u>") encumbering the Property in favor of WAMU; and

WHEREAS, on or about September 6, 2013, the Note, the Mortgage, and all other documents evidencing the loan was assigned by FDIC as Receiver of WAMU to JP Morgan Chase Bank, National Association ("<u>Chase</u>") pursuant to an Assignment of Security Instrument and Loan Documents (the "<u>JP Morgan Assignment</u>"), which was recorded with the Register's Office on September 21, 2013 under CRFN: 22013000389857; and

WHEREAS, on or about May 21, 2014, the Note, Mortgage, and all other documents evidencing the loan were further assigned by Chase to the Secured Creditor, pursuant to an Assignment of Mortgage (the "<u>SDF91 Assignment</u>"), which was recorded with the Register's Office on June 19, 2014 under CRFN: 2014000210309; and

WHEREAS, the Debtor initially defaulted under the terms of the Loan, by failing to timely tender the monthly payment due under the Note and Mortgage as of July 1, 2013 (the "<u>Default</u>"); and

WHEREAS, as a result of the Default, and the Debtor's failure to cure same, on or about January 24, 2014, Chase commenced an action to foreclose the Mortgage in the Supreme Court, State of New York, County of Kings (the "<u>State Court</u>") under Index No. 500580/2014 (the "<u>Foreclosure Action</u>"); and

WHEREAS, in connection with the Foreclosure Action, on or about May 3, 2017, Secured Lender filed a Motion ("<u>JFS Motion</u>") for the entry of an Order granting a Judgment of Foreclosure and Sale ("<u>JFS</u>"), which was returnable in the State Court on May 31, 2017, however, the JFS Motion was stayed by the Debtor's filing of its Petition; and

WHEREAS, on May 23, 2017 (the "Petition Date"), the Debtor filed its petition (the "Petition") for relief under Chapter 11 of Title 11 of the Bankruptcy Code; and

WHEREAS, on August 15, 2017, the Secured Creditor filed its secured proof of claim in the Court's Claims Register as Claim No. 10 in the sum of $2,403,177.42 (the "Claim"); and

WHEREAS, on August 22, 2017, the Secured Creditor moved this Court for Relief from the Automatic Stay (the "Motion") [ECF No. 32]; and

WHEREAS, in order to avoid unnecessary litigation and expense, the Parties agreed to resolve the Motion, by entering into this Stipulation which immediately terminates the automatic stay, but requires that the Secured Creditor forbear from foreclosing on the Property until the earlier (i) a default hereunder, ~~and~~ **_or_** (ii) December 29, 2017 (the "Forbearance Term").

NOW, THEREFORE, IT IS STIPULATED AND AGREED by and between the Parties, which when "*So-Ordered*" by the Bankruptcy Court, shall constitute an Order of the Bankruptcy Court as follows:

1.      The foregoing recitals are incorporated herein by reference.

2.      The relief sought by the Secured Creditor in the Motion, shall be, and is hereby granted to the extent set forth herein.

3.      Within twenty-five (25) days after the entry of this Stipulation, the Debtor shall provide evidence of any efforts to (a) sell the Property by emailing same to counsel for the Secured Creditor at the email address set forth herein below.

4.      The Debtor hereby waives any right to assert any and all defenses to the Foreclosure Action, (including, but not limited to, defenses of personal jurisdiction or

insufficient personal service of process), setoffs and counterclaims to the Complaint, and the Secured Creditor's Secured Claim and with prejudice, and consents to the entry of a JFS.

5.    The Debtor agrees to make or cause to be made the following payments, to be received on the respective dates and times set forth below, TIME BEING OF THE ESSENCE, by delivering funds made payable by utilizing the wiring instructions provided herewith, IN GOOD FUNDS ONLY, all of which payments shall be applied in accordance with the terms of the Loan Documents:

a.  Contemporaneously with the execution of this Stipulation, the Debtor shall wire to the Secured Creditor the sum of SEVEN THOUSAND SEVEN HUNDRED FIFTY-ONE AND 02/100 ($7,751.02) DOLLARS (the "Monthly Payment") by transmitting same via overnight courier to counsel for the Secured Creditor, which shall be applied by the Secured Creditor toward the indebtedness due under the Loan.

b.  On October 1, 2017, and the first (1st) day of each consecutive month thereafter, through and including December 1, 2017, the Debtor shall continue to make Monthly Payments to the Secured Creditor, by delivering funds made payable directly to SDFS LLC as servicer to the Secured Creditor, by mailing a Debtor-In-Possession check to counsel for the Secured Creditor.

c.  The Debtor shall maintain all payment for taxes and water and sewer charges which come due at the Property for the duration of the

Forbearance Term.  For the avoidance of doubt interest shall continue to accrue during the term of this Stipulation pursuant to, and in accordance with the Loan Documents.

d.   On or before December 29, 2017 (the "Deadline"), the Debtor shall pay to the Secured Creditor all sums then due under the Note and Mortgage in full **TIME BEING OF THE ESSENCE**, which sum shall include payment on the Claim, and all post-petition interest which has accrued thereafter, and any other sums due and owing in accordance with the Loan Documents.  The Debtor shall request from the Secured Creditor a payoff statement not less than ten (10) days in advance of the Deadline.

6.      It is understood and accepted that the Secured Creditor's agreement to the terms of the foregoing Stipulation, including, without limitation, payments accepted by the Secured Creditor from the Debtor, shall by no means be considered or construed a reinstatement or de-acceleration of the Note or Mortgage (which shall remain in full force and effect), a waiver of any rights, or vacatur of the JFS which may be entered by the State Court during the pendency of the Forbearance Term.

7.      In the event that the Debtor (i) defaults in making a timely Payment (i.e. the payment is more than ten (10) days late) as specified in this Stipulation, (ii) fails to provide proof of payment for any amount due in connection with the real property taxes and/or insurance at the Property, within ten (10) days of said payment coming due, (iii) fails to make a the final payment by the Deadline in accordance with Paragraph 4(d) of this Stipulation; (iv) takes any action in the instant Bankruptcy inconsistent with the terms and

conditions of this Stipulation and/or (v) fails to take any other action required of it as indicated in connection with this Stipulation or the Loan Documents, including, but not limited to providing payment to the Secured Creditor in full on or before the Deadline, in any such case, the Secured Creditor shall be permitted to serve a five (5) day Notice to Cure ("Notice to Cure") upon both the Debtor and upon the Debtor's counsel by via email at gmesser@messer-law.com and mbernstein@messer-law.com, which, absent further order of the Court, shall be limited to two (2) such instance over the life of this Stipulation.

8.    In the event that the Debtor fails to timely cure a default under the terms of this Stipulation and/or the Loan Documents, the Secured Creditor may elect,  in its sole discretion, to exercise any remedies available to it at law or in equity, which include, without limitation, the scheduling and conducting of a foreclosure sale of the Property pursuant to the JFS, which bid at such foreclosure sale shall give the Debtor a bottom line credit for all sums paid in accordance with this Stipulation.

9.    The Debtor hereby acknowledges its Default under the terms of the Loan as set forth herein above, and waives any defenses it has or could have with respect thereto.

10.    As additional consideration for entering into this Stipulation, the Debtor hereby waives all claims and defenses it has, or could have in connection with the Loan, the Default, the Foreclosure Action, the JFS, and the Secured Creditor's Secured Claim and with prejudice.

11.    As consideration for entering into this Stipulation, the Debtor, its heirs, executors, legal representatives, successors and assigns, knowingly and voluntarily releases and forever discharges, to the fullest extent permitted by law, the Secured Creditor and its respective affiliates, shareholders, members, partners, owners, officers, directors,

managers, current and former employees, agents, representatives, accountants and attorneys (including, without limitation, in their individual capacities and in their capacities as such in relation to any other person or entity), and each of their respective heirs, executors, legal representatives, successors and assigns from any and all claims, demands, actions, causes of action, proceedings, contracts, agreements, debts, costs, losses, liabilities, obligations and expenses (including, without limitation, attorneys' fees and costs) whatsoever, whether known or unknown, suspected or unsuspected, asserted or unasserted, at law or in equity, that the Debtor now has, has ever had, or may hereafter have, directly or indirectly, against the Secured Creditor, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date hereof relating to the Property.

12.     As additional consideration for entering into this Stipulation, the Debtor consents to the immediate termination of the automatic stay imposed in this case pursuant to 11 U.S.C. § 362(a), which shall be, and is hereby terminated pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(2) to permit the Secured Creditor, its successors and/or assigns, to ~~exercise~~ ***pursue*** all rights available to it under applicable law with respect to the Property, and to permit the Secured Creditor, its successors and/or assigns, to ~~take~~ ***pursue*** any other legal action necessary to enforce its rights in connection with the underlying Loan Documents, whether at law or in equity, including, but not limited to commencing or completing any proceedings to complete the Foreclosure Action and/or dispossess the Debtor from the Property, if necessary, subject to the Debtor's compliance with the terms and conditions contained herein, and consents to a waiver of any stay imposed by FED. R. BANKR.P. 4001(a)(3).

13.     As additional consideration for entering into this Stipulation, the Debtor consents to prospective relief from the automatic stay.  In accordance with 11 U.S.C. § 362(d)(4), upon this Order being recorded in compliance with applicable state laws governing notices of interests or liens in real property, the Secured Creditor's entitlement to relief from the automatic stay shall be binding in any future bankruptcy filing affecting the Property for a period of two (2) years after the date of the entry of this Order.

14.     Any federal, state municipality, county and local governmental agency or department, including without limitation, the King's County Clerk's Office, and/or any applicable Register's Office in the State of New York, shall record this Order in the land records, as necessary or appropriate to effectuate the intent of this Order.

15.     As additional consideration for entering into this Stipulation, the Debtor consents to a waiver of any stay imposed by FED. R. BANKR.P. 4001(a)(3), and upon the entry of this Stipulation with the Bankruptcy Court, further consents to the Secured Creditor's scheduling of a sale of the Property pursuant to, and in accordance with the JFS and subject to the terms of this Stipulation.

16.     Nothing contained herein shall be intended to, or have the effect of precluding the Secured Creditor from filing its own plan seeking to conduct a sale of the Property through this Court, subject only to the Debtor's ability to pay the Secured Creditor's allowed Claim(s) in full by the Deadline.

17.    The Debtor acknowledges and agrees that as of December 29, 2017, the estimated sum due the Secured Creditor on account of its Claim is projected to be $2,520,349.63.[2]

18.    The Debtor consents to the Secured Creditor making an application, at any time, to the State Court for permission to conduct a foreclosure sale on account of the JFS regardless of whether the Debtor is in default hereunder.

19.    The Debtor acknowledges and agrees that it has not relied on any oral representations by the Secured Creditor in connection with entering into this Stipulation. Any modification to this Stipulation must be in writing and executed by all Parties to be charged.

20.    This Stipulation may be executed in one or more counterparts and by facsimile or e-mail, all of which shall be considered one and the same agreement, and shall become effective upon Bankruptcy Court approval. The undersigned hereby certify that they are duly authorized to execute this Stipulation, and agree on behalf of their respective clients, to the form substance and entry of this Stipulation.

21.    In the event that any part or provision of this Stipulation is determined to be void or unenforceable to any extent, such part or provision shall be deemed severable and the remainder shall be fully enforced.  The construction or interpretation of this release and indemnification agreement shall be governed by laws of the state of New York, without reference to any conflict of laws provision and as if mutually drafted by all parties.

---

[2] The Parties acknowledge that the projected payoff due by or before December 29, 2017 may be reduced by way of a bottom line credit for payments made by the Debtor to the Secured Creditor during the Forbearance Term, and that the Debtor has agreed to request an updated payoff statement from the Secured Creditor not later than December 15, 2017.

22.    The provisions of this Order, and any actions taken pursuant to or in reliance upon the terms hereof, shall survive entry of, and govern in the event of any conflict with, any order which may be entered in this Case: (a) confirming any chapter 11 plan, (b) converting this Case to a case under chapter 7 of the Bankruptcy Code, or (c) dismissal of this Case.

23.    The Bankruptcy Court **_may_** ~~shall~~ retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Stipulated Order.

24. This Stipulation shall be deemed enforceable in the Foreclosure Action.

STIPULATED AND AGREED:

Dated: New York, New York
September 15, 2017


Kriss & Feuerstein, LLP
*Attorneys for SDF91 Nostrand Avenue LLC*

Law Offices of Gregory Messer, PLLC
*Attorneys for the Debtor*


By: __/s/ Jason S. Leibowitz_____
Jerold C. Feuerstein, Esq.
Jason S. Leibowitz, Esq.
360 Lexington Avenue, Suite 1200
New York, New York  10017
(212) 661-2900
(212) 661-9397 - facsimile
jfeuerstein@kandfllp.com
jleibowitz@kandfllp.com

By: _/s/ Gregory M. Messer____
Gregory M. Messer, Esq.
Mark Bernstein, Esq.
26 Court Street, Suite 2400
Brooklyn, New York 11242
(718) 858-1474
(718) 797-560 - facsimile
gmesser@messer-law.com
mbernstein@messer-law.com


By: __/s/ Kwang Kim_____
Kwang Kim for
Hae Sung Corp.
Debtor and Debtor-In-Possession


IT IS SO ORDERED:



**Dated: Brooklyn, New York**
**October 2, 2017**

_____
**Elizabeth S. Stong**
**United States Bankruptcy Judge**